## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,                    Case No. 23-cr-340 (DSD/TNL)

           Plaintiff,

v.                                                            **ORDER**

Dean Wade Guenther,

           Defendant.

---

Evan Gilead, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Aaron J. Morrison, Federal Public Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, 12.3 and 26.2, ECF No. 17;

2. Defendant's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 20 and;

3. Defendant's Motion to Retain Agents' Notes, ECF No. 23.

A hearing was held on January 9, 2024. ECF No. 25. Assistant United States Attorney Evan Gilead appeared on behalf of the United States of America (the "Government"). Federal Defender Aaron J. Morrison appeared on behalf of Defendant Dean Wade Guenther ("Defendant").

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY**

1

**ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, 12.3 and 26.2, ECF No. 17, is **GRANTED**.

The Government's motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, and 26.2. *See generally* ECF No. 17. The Government's motion is granted.

Further, pursuant to the Court's Arraignment Order, the parties shall disclose the identity of any expert witness and make all expert disclosures required by Rule 16 no later than 28 days before trial. *See* ECF No. 16 at 2. The parties shall also disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Rule 16 no later than 14 days before trial. *Id.*

2. Defendant's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 20, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government disclose any Rule 404(b) evidence and Rule 608(b) evidence 28 days before to trial. ECF No. 20 at 1-2. The Government does not object to Defendant's 28-day requests, but the Government does ask the Court not to require more than what is encompassed specifically by Rule 404(b), arguing that Rule 404(b) does not encompass intrinsic evidence. *See* Gov't Resp. at 1-2, ECF No. 24. The Government does not object to disclosure of Rule 608(b) evidence 28 days prior to trial. *Id.* at 2. The Government requests disclosure deadlines to be reciprocal. *Id.*

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to

"prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require the Government to "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds the 28-day proposal with respect to Rule 404(b) to be reasonable.

3

No later than 28 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(A). Defendant's motion is denied to the extend it goes beyond Rule 404(b).

Although there is no reasonable notice requirement in relation to "extrinsic" evidence within the purview of Rule 608(b), *see* Fed. R. Evid. 608(b), based on the Government's representation and lack of objection, no later than 28 days prior to trial the Government shall disclose Rule 608(b) evidence. Defendant shall also disclose Rule 404(b) evidence and Rule 608(b) evidence 28 days before trial.

3. Defendant's Motion to Retain Agents' Notes, ECF No. 23, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken as part of their investigation regardless of whether such rough notes are in official records. ECF No. 23 at 1. The Government does not object to the retention of rough notes. Gov't's Resp. at 6. Defendant's request for the retention of rough notes is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

4

To the extent that Defendant seeks disclosure of rough notes, such a request is denied. *See United States v. Robinson*, 439 F.3d 777, 779-80 (8th Cir. 2006) ("'[R]eports, memoranda, or other internal government documents' created by a government agent in connection with the investigation or prosecution of the case are immune from discovery." (quotation omitted)); *see also United States v. Scotti*, 47 F.3d 1237, 1249 (2d Cir. 1995) ("Absent any indication that an FBI agent signs, adopts, vouches for, or intends to be accountable for the contents of the notes, the rough notes taken in a witness interview cannot be considered the agent's statement."). It is also well established that law enforcement's rough notes are not considered Jencks Act material. *See United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (finding that an agent's rough notes memorializing a witness's statements are not Jencks Act material).

4.   All prior consistent orders remain in full force and effect.

5.   Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: January 8, 2024                         *s/ Tony N. Leung*
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              District of Minnesota

                                              *United States v. Guenther*
                                              Case No. 23-cr-340 (DSD/TNL)